UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN LAURUS,

    Petitioner,

v.                                                         Case No. 2:09-cv-69-FtM-99DNF

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS and FLORIDA ATTORNEY
GENERAL,

    Respondents.
_____/

**O R D E R**

This matter comes before the Court upon Petitioner's Application for Certificate of Appealability (Doc. #8, Application) filed March 23, 2009. Petitioner seeks to appeal the Court's February 20, 2009 Order (Doc. #5), which, after Petitioner failed to file a timely response to the Court's Order to Show Cause, dismissed Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as untimely. On February 25, 2009, Petitioner filed an untimely Response to the Show Cause Order (Doc. #7), but articulates good cause to excuse the untimely filing of the Response. Consequently, the Court construes Petitioner's Application as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59, and will vacate its February 20, 2009 Order of Dismissal and Judgment and deem Petitioner's Response to the Court's Order to Show Cause timely filed.[1]

---

[1]Rule 59(e), Fed. R. Civ. P., affords the Court substantial discretion to reconsider an order
(continued...)

**THEREFORE**, it is hereby **ORDERED and ADJUDGED**:

1. Petitioner's Application for Certificate of Appealability (Doc. #8), construed as a Rule 59 Motion is **GRANTED**, and the February 20, 2009 Order of Court (Doc. #5) and Judgment entered the same day (Doc. #6) are **VACATED**.

2. The **Clerk of Court** shall reopen this action.

3. The Court deems Petitioner's Response to the Order to Show Cause (Doc. #7) timely filed, and will consider the Response prior to ruling on the timeliness of the Petition.

**DONE AND ORDERED** in Tampa, Florida, on April 9, 2009.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Clerk, USCA, Eleventh Circuit

SA: hmk

---

¹(...continued)
which it has entered. See generally Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000).